**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

SARA LESENDE and VICTOR LESENDE

                          Plaintiffs,                                Civ. No. 06-4967 (DRD)

v.                                                                **O P I N I O N**

OFFICER ARNOLD BORRERO and CITY
OF NEWARK,

                          Defendants.

*Appearances by:*

NUSBAUM, STEIN, GOLDSTEIN, BRONSTEIN & KRON, P.A.
by:     Robert D. Kobin, Esq.
20 Commerce Blvd., Suite E
Succasunna, New Jersey 07876

          *Attorney for Plaintiffs*

FUSCO & MACALUSO, LLC
by:     Anthony J. Fusco, Jr., Esq.
150 Passaic Avenue
PO BOX 838
Passaic, New Jersey 07055

          *Attorney for Defendant Arnold Borrero*

ANNA P. PEREIRA, CORPORATION COUNSEL
by:     Avion M. Benjamin, Assistant Corporation Counsel
920 Broad Street, Room 316
Newark, New Jersey 07102

          *Attorney for Defendant City of Newark*

**DEBEVOISE, Senior District Judge**

This case arises out of a traffic dispute and subsequent arrest. Plaintiff Sara Lesende claims that she was beaten by an off-duty Newark Police Officer, Defendant Arnold Borrero, after an argument concerning her driving. Mrs. Lesende was subsequently prosecuted on the basis of sworn statements made by Mr. Borrero, though all charges against her were ultimately dropped. Mr. Borrero was later convicted of assaulting Mrs. Lesende and fired from the Newark Police Department. Mrs. Lesende has brought a variety of civil rights claims against Mr. Borrero and the City of Newark, charging violations of New Jersey and Federal Civil Rights Law.

Presently before the Court is a request by the parties that it rule upon the validity of the arrest warrant issued to Mrs. Lesende in connection with the altercation that forms the basis of her claims. Mrs. Lesende contends that she was improperly detained pursuant to an arrest warrant rather released with a summons, in violation of New Jersey Court rules. Defendants claim that the arrest warrant was properly issued in connection with charges of second degree assault. While the records and documentary evidence of Mrs. Lesende's travels through the New Jersey criminal courts are disturbingly sparse[1], it appears from the records before the Court that the warrant was improper.

For the reasons set forth below, Mrs. Lesende's request for a directed verdict as to liability on her N.J.S. 10:6-2(c) claim is GRANTED. Mrs. Lesende's request for a directed verdict on her § 1983 claim predicated on the improper issuance of an arrest warrant is DENIED.

---

[1]    In spite of almost five years of discovery, the City of Newark cannot produce a signed and executed arrest warrant. Indeed, as of a telephone conference on May 31, 2011, the City did not know whom—if anyone—made the probable cause determination that justified Mrs. Lesende's arrest.

I.      **Background**

The facts of this case are long familiar to the parties and described in detail in this Court's previous opinions (Doc Nos. 65, 70). The facts relevant to the instant dispute are as follows.  On December 18, 2004, Mrs. Lesende was driving her car near the intersection of Elm and Jefferson Streets in Newark, New Jersey. While circling the block looking for a parking space, she was stopped by a blue van driven by Mr. Borrero, then an officer with the Newark Police Department. Mr. Borrero got into an argument with Mrs. Lesende, claiming that she had been driving her car in an unsafe fashion. Mr. Borrero produced his badge and gun, and after a heated argument allegedly beat Mrs. Lesende with his fists, causing serious injury to her neck, face and ribs. Plaintiff also claims that Mr. Borrero turned his gun on Mrs. Lesende and a bystander who attempted to intervene, threatening to kill both. Additional officers arrived later on the scene, and Mrs. Lesende was taken to a police station.

On the basis of a warrant-complaint was prepared by Mr. Borrero, Mrs. Lesende was charged with assaulting a police officer and resisting arrest. While the details surrounding Mrs. Lesende's processing are elusive, records indicate that she was eventually released on $10,000 bail, set by Judge Marilyn Williams.

In addition to her civil rights claims surrounding the incident, Mrs. Lesende contends that the arrest warrant which issued against her was improper under New Jersey Court Rules. She argues that she should instead have been issued a summons instead. On the basis of these facts, the parties have requested that this Court rule in advance of trial on whether the warrant was properly issued and whether Mrs. Lesende is entitled to a directed verdict on both her New Jersey statutory claims and § 1983 claims.

**II.     New Jersey Rules Concerning Issuance of Arrest Warrant or Summons**

Section 3:3-1 of the New Jersey Criminal Court Rules specifies when and under what circumstances an arrest warrant may be issued. There are several key features.

First, a warrant may be issued only by "a judge, clerk, deputy clerk, municipal court administrator or deputy municipal court administrator" and only upon review of "the complaint or an accompanying affidavit or deposition." Rule 3:3-1(a). Since the City of Newark has represented that there was no affidavit or deposition submitted in connection with Mrs. Lesende's arrest, we can conclude that only the information stated on the face of Mr. Borrero's complaint was properly considered by Judge Williams.

Second, a warrant may be issued only if one of six criteria is met. Either: (1) the defendant must be charged with one of several serious offenses, including second degree aggravated assault; (2) the defendant must have failed to appear on a summons; (3) there must be reason to believe that the defendant is dangerous to self, others, or property; (4) there must already be an outstanding warrant for the defendant; (5) the defendant's identity or address must not be known; or (6) there must be reason to believe that the defendant will not appear in response to a summons.

In this case, only one of the criteria has been argued. The City of Newark contends that Mrs. Lesende was charged with second degree aggravated assault.[2] As such, the propriety of the arrest warrant turns on whether Mrs. Lesende was, or could have been, charged with second degree aggravated assault on the basis of facts alleged in the complaint. See e.g., Sanducci v.

---

[2]     The City of Newark has not claimed that there was reason to believe that Mrs. Lesende would be threat to herself, others, or property. This second criteria, while theoretically available, is not supported by the facts alleged in the complaint. No evidence presented to Judge Williams would support the finding that Mrs. Lesende was a nascent threat to the community.

City of Hoboken, 315 N.J. Super 475, 484 (App. Div. 1998) (police erred in proceeding by arrest warrant when serious charges were not alleged).

**III.    Second Degree Aggravated Assault**

The crime of aggravated assault under New Jersey law is controlled by N.J.S. 2C:12-1(b). There are eleven different subspecies, but only two are of the second degree. The first, 2C:12-1(b)(1) requires that a person "attempt[] to cause serious bodily injury to another, or causes such injury purposely or under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury…." Under New Jersey law, this provision applies only under circumstances in which a jury finds "in light of all the evidence…that the conduct of the defendant resulted in a probability as opposed to a mere possibility of serious bodily injury…." State v. Pigueiras, 344 N.J. Super. 297, 309 (App. Div. 2001). Serious bodily injury is "an injury which creates a substantial risk of death or which causes serious permanent disfigurement or which causes a protracted loss or impairment of the function of any bodily member or organ." State v. Fowlkes, 2010 WL 86412, *9 (App. Div. Jan 12, 2010); see also New Jersey Model Jury Instructions § 3.10(C) (serious bodily injury is "harm involving the permanent or protracted loss of the function of any important member or organ."). Mrs. Lesende's conduct, even read in the most fearsome light, never put Officer Borrero's life or long term well-being at serious risk. Consequently, this provision cannot apply.

The other second degree variant of aggravated assault, 2C:12-1(b)(6), applies when a person "[c]auses bodily injury to another person while fleeing or attempting to elude a law enforcement officer in violation of subsection b of N.J.S. 2C:29-2…Notwithstanding any other provision of law to the contrary, a person shall be strictly liable for a violation of this subsection upon proof of a violation of subsection b of N.J.S. 2C:29-2… which resulted in a bodily injury to

another person…." The other statute referenced in the definition, N.J.S.2C:29-2, is the crime of

resisting arrest, and applies when a person "knowingly flees or attempts to elude any law

enforcement officer after having received any signal from such officer…."

The complaint in this case is threadbare and presents relatively few facts to support a

finding of probable cause. The only description of the incident found on the complaint is as

follows:

> Within the jurisdiction of this court did knowingly , purposefully commit
> inact[sic] of aggravated assault on a police officer A. BORRERO while was
> displaying his uniform and badge , specifically by slapping and scratching the
> officers[sic] face and left hand, in violation of N.J.S. 2C:12-1b
>
> Within the jurisdiction of this court commit an act of resisting arrest a police
> officer after she was advised that she was under arrest, specifically pushing , and
> assaulting the officer while making a lawful arrest in violation of N.J.S. 2C:29-2.b

The complaint does not specify which subspecies of aggravated assault is charged. In addition,

nowhere in the complaint are facts supporting "flight" or "elusion" of a police officer pled. As

described above, an attempt to prevent capture is an essential element of both second degree

aggravated assault under N.J.S. 2C:12-1(b)(6) and the crime of resisting arrest under N.J.S.

2c:29-2(b). Consequently it would appear unlikely that second degree assault or resisting arrest

was properly pled.

Indeed, the facts of the complaint suggest that 2C:12-1(b)(5)(a) may have been the

intended charge. 2C:12-1(b)(5)(a) is a variant of aggravated assault available when a defendant

"[c]omits a simple assault as defined in subsection a… of this section upon: (a) [a]ny law

enforcement officer acting in the performance of his duties while in uniform or exhibiting

evidence of his authority or because of his statutes as a law enforcement officer…." However

this charge is either a third or fourth degree offence, depending on whether the law enforcement

officer sustained bodily injury. <u>Id</u>. As such, this charge does not support the issuance of an arrest warrant under Rule 3:3-1.

**IV.     Liability Under § 1983 and N.J.S. 10:6-2(c)**

Based on the material presented in the complaint, Mrs. Lesende could not properly have been charged with second degree aggravated assault. As a consequence, the arrest warrant was not properly issued. However this violation of state court rules does not necessarily give rise to a constitutional deprivation.

In <u>Sanducci v. City of Hoboken</u>, 315 N.J. Super 475 (App. Div. 1998), the Appellate Division considered whether the issuance of an arrest warrant rather than a summons, in violation of New Jersey Court Rules, gave rise to a constitutional deprivation. The plaintiff in that case was arrested by a police officer and charged with simple assault and fourth degree stalking. After the incident, the plaintiff was brought to a police station and detained for six hours on an arrest warrant, after which she was released on bail. On review, the court examined Rule 3:3-1(a), and concluded that an arrest on the charges of simple assault and aggravated stalking could not support an arrest warrant, writing that "it is apparent that the police erred by preparing a complaint-warrant." <u>Id</u>. at 484. Nevertheless, the court held that even though "the police erred in these particulars" there was "no violation of plaintiff's federally protected civil rights." <u>Id</u>. at 484-485. While the brief detention was improper and violated procedure, the court concluded that "[a]n individual defendant's non-compliance with a state mandated procedure does not in and of itself give rise to a claim cognizable under Section 1983." <u>Id</u>. at 485 <u>quoting</u> <u>O'Brien v. Borough of Woodbury Heights</u>, 679 F. Supp. 429 (D.N.J. 1988).

This 3:3-1 decision is in line with other federal cases suggesting that a brief detention in connection with pretrial proceedings and administrative processing, even if probable cause is

later found to be absent, does not rise to the level of an actionable constitutional violation under § 1983. See, e.g. Gerstein v. Pugh, 420 U.S. 103, 113-4 (1975) ("a policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest."); County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991) ("a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein. For this reason, such jurisdictions will be immune from systemic challenges"). While Mrs. Lesende may have been improperly arrested and held, the delay in release occasioned by the warrant does not automatically rise to the level of an actionable constitutional violation. Since there is no *a priori* constitutional violation, Mrs. Lesende is not entitled to a directed verdict under § 1983.

However, Mrs. Lesende has also sought damages under N.J.S. 10:6-2(c). This statute provides that:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

While Mrs. Lesende's brief detention pursuant to an improper warrant may not rise to the level of a constitutional violation, it is doubtlessly a violation of "the laws of this State" as codified in Rule 3:3-1. As such, Mrs. Lesende is entitled to damages, such as they exist, in compensation for this violation.

-8-

**V.      Conclusion**

Plaintiff's request for a directed verdict as to liability on her N.J.S. 10:6-2(c) claims is

GRANTED. Plaintiff's request for a directed verdict on her § 1983 claim is DENIED.


                                        s/ Dickinson R. Debevoise
                                        DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated: June 3, 2011